IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| S.R., | : | |
|     Plaintiff, | : | |
| v. | : | Case No: 4:21-CV-00027-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
|     Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's application for disability insurance benefits and supplemental security income, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the record as a whole to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. §§ 404.1 *et seq.*, 416.101 *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id.* §§ 404.1520(b), 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  *Id.* §§ 404.1520(c), 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing").  *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Fifth and

finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.* §§ 404.1523(c), 416.923(c).  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for disability insurance benefits on September 13, 2016, and supplemental security income on December 8, 2016.  In both applications, Plaintiff alleged she became disabled to work on March 31, 2015.  Tr. 320-26, 360-63.  Her claims were denied initially on April 21, 2017, and upon reconsideration on February 1, 2018.  Tr. 187-191, 205-211.  She timely requested an evidentiary hearing before an ALJ on March 15, 2018, and one was held on August 12, 2020. Tr. 212, 52-81.  Plaintiff appeared at the hearing telephonically with her attorney and gave testimony, as did an impartial vocational expert ("VE").  *Id.*  On September 4, 2020, the ALJ issued an unfavorable decision denying Plaintiff's applications.  Tr. 29-51.  Plaintiff next sought review by the Appeals Council but was denied on December 21, 2020.  Tr. 1-7.  Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications.  Her case is ripe for review. 42 U.S.C. §§ 405(g), 1373(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges she became disabled to work, Plaintiff was forty-four years old and classified as a "younger individual" under the Commissioner's regulations. Finding 7, Tr. 44. She has a limited education and past relevant work as a caregiver, bartender, waitress, dancer, and fast-food worker. Findings 6, 8, Tr. 43-44. In conducting the five-step sequential analysis of her claims for disability, the ALJ found at step two, Plaintiff had the following severe impairments: osteoporosis, neuropathy, lupus nephritis, rheumatoid arthritis, post-status left leg internal fixation, generalized anxiety disorder, and depression. Finding 3, Tr. 35. At step three, the ALJ determined these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 35-38. Between steps three and four, the ALJ found Plaintiff to have the RFC to perform less than a full range of light work with exertional, postural, and environmental limitations. Finding 5, Tr. 38-43. At step four, the ALJ found this RFC with added limitations inhibits Plaintiff from resuming her past relevant work. Finding 6, Tr. 43. However, at step five, the ALJ found Plaintiff capable of working as a collator operator, marker, router, addresser, stuffer, and tube operator. Finding 10, Tr. 44-45. As a result, the ALJ found Plaintiff not to be disabled to work. Finding 11, Tr. 45.

## DISCUSSION

Plaintiff contends (1) the ALJ's reasons for rejecting her testimony are not supported by the record; (2) the ALJ failed to provide sufficient justification for giving little weight to the opinion of the consultative examiner, Dr. Odeh; and (3) the ALJ did not

adequately evaluate the opinion of the state-agency psychologist, Dr. Yates. Pl.'s Br. 10-19, ECF. 13. The Court rejects these contentions and affirms the ALJ's decision.

**I. The ALJ's reasons for rejecting Plaintiff's testimony are supported by substantial evidence.**

Plaintiff finds issue with the ALJ's decision to disregard her testimony. Specifically, Plaintiff argues the ALJ erred in stating her physical examinations were inconsistent with her testimony and in drawing improper inferences from her daily activities. Pl.'s Br. 12-13. However, where an ALJ "articulate[s] explicit and adequate reasons" for discrediting a claimant's subjective testimony, the Court must not disturb those findings when they are supported by substantial evidence. *Garcia v. Comm'r of Soc. Sec.*, 833 F. App'x 303, 308 (11th Cir. 2020) (per curiam) (internal quotation marks omitted). Applying this rule in *Dyer v. Barnhart*, the Eleventh Circuit found an ALJ's rejection of a claimant's testimony to be supported by substantial evidence when the ALJ referenced the testimony's inconsistencies with the claimant's daily activities and medical records. 395 F.3d at 1212.

Like *Dyer*, the ALJ acknowledged Plaintiff's pain to be reasonably expected but noted inconsistencies between the evidence presented and Plaintiff's testimony regarding the intensity and persistence of her pain. Specifically, the ALJ pointed to Plaintiff's daily activities and referenced Plaintiff's ability to care for personal hygiene, feed her pets, perform household chores, and care for her grandchildren. Tr. 39-40. Additionally, the ALJ pointed to Plaintiff's medical records which reported a normal gait, no acute abnormalities, range of motion in all extremities, and ability to bear weight without

6

difficulty. Tr. 41. As a result, the ALJ gave adequate reasoning to support his decision. Therefore, the Court must not disturb his finding.

**II. The ALJ provided sufficient justification for giving little weight to the consultative examiner's opinion.**

Plaintiff contends the ALJ failed to give sufficient weight to Dr. Odeh's opinion. Specifically, she finds issue with the ALJ's lack of consideration of Dr. Odeh's opinion that Plaintiff cannot stand for more than one hour, walk for more than one hour, or sit for more than four hours in an eight-hour workday. Pl.'s Br. 15-16. When weighing medical opinions, the ALJ must "state with particularity the weight given to [the] medical opinion[] and the reasons therefore." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (2011). Here, the ALJ explicitly stated he gave little weight to Dr. Odeh's opinion because it was unclear how Dr. Odeh reached his conclusions. Tr. 43. Specifically, the ALJ referenced inconsistencies in Dr. Odeh's opinion and the remaining evidence in the record. *Id*. The ALJ pointed to Plaintiff's ability to play with her grandchildren, feed her dogs, and drive a car. *Id*. The ALJ also pointed to Plaintiff's normal exam findings, referencing Dr. Carmichael's and Dr. Burge's opinions stating Plaintiff was able to perform work and her ankle x-rays showed no abnormalities. Tr. 43, 41. Therefore, the ALJ's decision to give little weight to Dr. Odeh's opinion is sufficiently supported.

**III. The ALJ adequately evaluated the state-agency psychologist's opinion.**

Plaintiff contends the ALJ did not adequately evaluate Dr. Yates's opinion. Specifically, she states the ALJ erred by failing to state with particularity whether Dr. Yates's opinion was accepted or rejected in regard to Plaintiff's ability to follow simple

7

one-step or two-step instructions. Pl.'s Br. 17. However, the ALJ is not required to "specifically refer to every piece of evidence in his decision, so long as the ALJ's decision enables the district court to conclude that the ALJ considered the claimant's medical condition as a whole." *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 533 (11th Cir. 2014) (per curiam) (quoting *Dyer*, 395 F.3d at 1211).

Here, the ALJ gave some weight to Dr. Yates's opinion to the extent it supports the remaining evidence in the record. Tr. 42. Specifically, the ALJ expressed his adoption of Dr. Yates's findings that Plaintiff lacks impairments and has moderate limitations in understanding, remembering, and applying information. *Id*. The ALJ further explained his decision to give substantial weight to Dr. Stutts's opinion that Plaintiff is not mentally impaired, as that opinion is consistent with Plaintiff's medical records showing her primary medical problems were with her left leg. *Id*. In doing so, the ALJ found Dr. Stutts's opinion supported limiting Plaintiff's RFC "to simple and repetitive type tasks[.]" Tr. 43.

Although the ALJ did not specifically address Dr. Yates's findings regarding Plaintiff's ability to follow instructions, the ALJ adequately supported his evaluation of Dr. Yates's opinion by considering Plaintiff's condition as a whole. Any disregard to Dr. Yates's opinion pertaining to Plaintiff's ability to follow instruction would be harmless error, as the ALJ's ultimate decision is supported by Plaintiff's medical records and additional physician opinions. *See Newberry v. Comm'r Soc. Sec. Admin*, 572 F. App'x 671, 672 (11th Cir. 2014) (per curiam) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). As a result, the ALJ adequately evaluated Dr. Yates's opinion.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 29th day of June, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
